# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, ) ) Plaintiff, ) ) vs. ) ) COUNTRYSIDE HOMEOWNERS ) ASSOCIATION et al., ) ) Defendants. ) | 2:15-cv-01463-RCJ-GWF **ORDER** |

This case arises out of a homeowners' association foreclosure sale. Pending before the Court is a Motion to Dismiss (ECF No. 19). For the reasons given herein, the Court denies the motion.

## I.    FACTS AND PROCEDURAL HISTORY

In 2005, non-party Jayson Barangan gave non-party Countrywide Home Loans, Inc. a promissory note for $228,800 (the "Note") to purchase real property at 8543 Ebony Hills Way, Las Vegas, Nevada, 89123 (the "Property"), which was secured by a deed of trust (the "DOT") against the Property. (Compl. ¶¶ 7, 12, ECF No. 1). The DOT was later assigned to Plaintiff U.S. Bank, National Association ("US Bank"). (*Id.* ¶ 13). Barangan has defaulted with over $228,580.16 due on the Note, and US Bank intends to foreclose the DOT against the Property. (*Id.* ¶¶ 14–16).

Defendant Countryside Homeowners' Association (the "HOA") has completed its own foreclosure sale, however. (*See id.* ¶¶ 2, 17–27).  The HOA caused its foreclosure agent, non-party Nevada Association Services ("NAS"), to record a notice of delinquent assessment lien (the "NDAL") in 2010 indicating that $738 was due, which amount included late fees, collection fees, and interest totaling $554. (*Id.* ¶ 17).  The HOA later caused NAS to record a notice of default and election to sell (the "NOD"), indicating that $1,773 was due, without specifying what amount was due for assessment fees versus interest, collection costs, etc., and without specifying the super-priority amount of the HOA's lien. (*Id.* ¶ 18).  The HOA later caused NAS to record a notice of sale (the "NOS"), scheduling a sale for June 24, 2011 and indicating that $3,116.42 was due, without specifying what amount was due for assessment fees versus interest, collection costs, etc., and without specifying the super-priority amount of the HOA's lien. (*Id.* ¶ 19).  On January 6, 2012, the HOA sold the Property to itself for $5,259.27, less than 3% of the outstanding principal balance on the Note. (*Id.* ¶¶ 25–26).  Defendant KK Real Estate Investment Fund, LLC ("KK") obtained the Property from the HOA via quitclaim deed on May 7, 2013. (*Id.* ¶¶ 3, 27).

US Bank has sued the HOA and KK in this Court for: (1) quiet title based on, *inter alia*, violations of due process under the Constitution and state statute and commercial unreasonableness of the sale; (2) violation of Nevada Revised Statutes section ("NRS") 116.1113; and (3) common law wrongful foreclosure.[1]  US Bank asks the Court in the alternative to set aside the HOA foreclosure sale or to declare that it did not extinguish the DOT.  The HOA has moved to dismiss.

///

---

1 The fourth claim for injunctive relief is not a separate cause of action but a prayer for relief, and no motion for preliminary injunctive relief is pending.

1    **II.      LEGAL STANDARDS**

2           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

3    claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

4    what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

5    (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

6    that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

7    12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

8    F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

9    failure to state a claim, dismissal is appropriate only when the complaint does not give the

10   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

11   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

12   sufficient to state a claim, the court will take all material allegations as true and construe them in

13   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

14   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

15   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

16   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

17          A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a

18   plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

19   "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

20   ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

21   draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is,

22   under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a

23   cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the

24

court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

First, the HOA asks the Court to dismiss under Rule 19 for failure to join a necessary party, i.e., Barangan. The HOA argues that Barangan is a necessary party because US Bank

seeks to enforce the DOT, as to which Barangan is the trustor.  US Bank indicates that it intends to foreclose the DOT, but it does not via the present action seek judicial foreclosure in this Court.  It presumably intends to conduct a non-judicial foreclosure.  US Bank seeks alternative remedies via the present action: (1) setting aside of the HOA foreclosure sale; or (2) a declaration that the HOA foreclosure sale did not extinguish the DOT.

If the Court were to grant the first remedy, Barangan's title to the Property would be restored subject to both the HOA's and US Bank's liens, and Barangan would potentially incur liabilities that he does not currently have.  For example, Barangan may become liable for collection fees under the resurrected DOT that he is not currently liable for directly under the Note.  US Bank would likely pay the HOA's lien and then foreclose the DOT, seeking not only the principal and interest due under the Note, but also US Bank's own collection fees and subrogation to the amount of the HOA lien.  Even if Barangan does not fight foreclosure, those additional amounts may follow him via a deficiency judgment.  If the Court were to grant the second remedy, Barangan's rights would not be affected.  He would still have lost title to the Property via the HOA foreclosure sale, and US Bank's ability to sue him on the Note would not have been affected.  US Bank would simply have restored the alternative remedy of non-judicial foreclosure against the Property.  Such a foreclosure sale would only affect KK's title to the Property, and any deficiency action against Barangan would necessarily be for less than the amount US Bank may already sue him for under the Note.

US Bank notes in opposition that it in fact seeks only the second remedy: a declaration of the continuing vitality of the DOT.  But even if the Court were to grant the first remedy, Barangan is not a necessary party under Rule 19, because the Court can accord complete relief between the existing parties without Barangan's presence.  Because his interests may be at stake

as to the first remedy that US Bank has requested in the alternative, Barangan could probably intervene as of right under Rule 24, but he has not asked to do so, and Rule 19 does not mandate his joinder.

Second, the HOA asks the Court to dismiss for US Bank's failure to abide by state law pre-litigation exhaustion requirements. Failure to exhaust non-judicial remedies is generally treated as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). An exhaustion statute's "silen[ce] on the issue whether exhaustion must be pleaded by the plaintiff or is an affirmative defense . . . is strong evidence that the usual practice should be followed, and the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense." *Id.* A Court should not dismiss based on an affirmative defense unless the elements of the defense appear on the face of the pleading to be dismissed. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Where an affirmative defense does not appear on the face of the pleading sought to be dismissed, it cannot be determined until (at least) the summary judgment stage; it cannot be treated as a quasi-summary-judgment matter under Rule 12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)). The HOA invokes the following exhaustion requirements:

> No civil action based upon a claim relating to:
>
> (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or
>
> (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,
>
> may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of

chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.

2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.

Nev. Rev. Stat. § 38.310.  The statute is silent on pleading requirements.  The Court therefore finds that the exhaustion requirement is an affirmative defense and denies the motion to dismiss based on NRS 38.310, as non-exhaustion does not appear on the face of the Complaint.[2] Because the Court denies the motion on this basis, it needn't yet address US Bank's argument that the state law exhaustion requirement under NRS 38.310 is preempted by § 1332.

Third, the HOA argues that it cannot have violated NRS 116.1113 or wrongly foreclosed because it complied with Chapter 116, and that the good faith requirement does not apply to US

---

2 The Court would be inclined to grant summary judgment in part if the HOA could show that US Bank had not sought mediation.  In the second claim, US Bank asks the Court to rule that the HOA failed to apply the Covenants, Conditions, and Restrictions ("CC&R") in good faith as required by NRS 116.1113.  A determination of that claim would require the interpretation and application of the CC&R.  Neither can the claims for quiet title or wrongful foreclosure be based on any violation of NRS 116.1113.  To the extent the quiet title and wrongful foreclosure claims do not depend on any interpretation of the CC&R, however, NRS 116.1113 does not require US Bank to mediate them.  *McKnight Family, L.L.P. v. Adept Management*, 310 P.3d 555 (Nev. 2013) does not require the wrongful foreclosure claim in this case to be mediated, except insofar as it relies on NRS 116.1113. *See id.* at 559 ("To determine whether an individual violated any conditions or failed to perform any duties required under an association's CC & Rs, a court must interpret the CC & Rs to determine their applicability and enforceability regarding the individual. This type of interpretation falls under NRS 38.310.").  *McKnight Family, L.L.P.* concerned a homeowner's default under the CC&R, and a determination of whether the homeowner had breached the CC&R of course required an interpretation of the CC&R. *See id.*  Here, US Bank does not contest that Barangan breached the CC&R such that the HOA's foreclosure was generally permissible, and except for its argument under NRS 116.1113, US Bank's wrongful foreclosure claim is based on the HOA's alleged failure to give notice and an opportunity to cure under state statutes and common law.  That is, the common law wrongful foreclosure claim here is not based on an argument that Barangan did not default under the CC&R in the first instance, but that after his default the HOA and its agents would have wrongfully rejected US Bank's attempt to redeem the superpriority amount of the default. (*See* Compl. ¶ 24).  That allegation is plausible, and a determination of the issue does not require any interpretation of the CC&R.

Bank, anyway, because US Bank is not a party to the CC&R.  First, the HOA's non-compliance with Chapter 116 and other state and federal requirements have been sufficiently pled.  Second, junior lienors are potentially third-party beneficiaries of CC&R provisions governing foreclosures of HOA liens, and the Court will not determine the issue on a motion to dismiss.[3]

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 19) is DENIED.

IT IS SO ORDERED.

Dated this 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge

---

[3] The Court will not have to determine this issue at all if it appears at summary judgment that US Bank did not mediate the NRS 116.1113 claim.