# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, | |
| Plaintiff, | 2:15-cv-01463-RCJ-GWF |
| vs. | **ORDER** |
| COUNTRYSIDE HOMEOWNERS ASSOCIATION et al., | |
| Defendants. | |

This case arises out of a homeowners' association foreclosure sale. Pending before the Court is a Motion for Summary Judgment (ECF No. 48). The Court grants the motion.

## I. FACTS AND PROCEDURAL HISTORY

In 2005, Jayson Barangan gave Countrywide Home Loans, Inc. ("Countrywide") a promissory note for $228,800 (the "Note") to purchase real property at 8543 Ebony Hills Way, Las Vegas, Nevada, 89123 (the "Property"), secured by a deed of trust (the "DOT") against the Property. (Compl. ¶¶ 7, 12, ECF No. 1). The DOT was later assigned to Plaintiff U.S. Bank, National Association ("US Bank"). (*Id.* ¶ 13). Barangan has defaulted with over $228,580.16 due on the Note, and US Bank intends to foreclose the DOT against the Property. (*Id.* ¶¶ 14–16).

Defendant Countryside Homeowners' Association ("the HOA") has completed its own foreclosure sale, however. (*See id.* ¶¶ 2, 17–27). The HOA caused its agent Nevada Association

Services ("NAS"), to record a notice of delinquent assessment lien (the "NDAL") in 2010 indicating that $738 was due, which amount included late fees, collection fees, and interest totaling $554. (*Id.* ¶ 17). The HOA later caused NAS to record a notice of default and election to sell (the "NOD"), indicating that $1,773 was due, without specifying what amount was due for assessment fees versus interest, collection costs, etc., and without specifying the superpriority amount of the HOA's lien. (*Id.* ¶ 18). The HOA later caused NAS to record a notice of sale (the "NOS"), scheduling a sale for June 24, 2011 and indicating that $3,116.42 was due, without specifying what amount was due for assessment fees versus interest, collection costs, etc., and without specifying the superpriority amount of the HOA's lien. (*Id.* ¶ 19). On January 6, 2012, the HOA sold the Property to itself for $5,259.27, less than 3% of the outstanding principal balance on the Note. (*Id.* ¶¶ 25–26). Defendant KK Real Estate Investment Fund, LLC ("KK") obtained the Property from the HOA via quitclaim deed on May 7, 2013. (*Id.* ¶¶ 3, 27).

US Bank sued the HOA and KK in this Court for: (1) quiet title based on, *inter alia*, violations of due process and commercial unreasonableness; (2) violation of Nevada Revised Statutes section ("NRS") 116.1113; and (3) common law wrongful foreclosure, asking the Court in the alternative to set aside the sale or to declare that it did not extinguish the DOT.[1] KK filed counterclaims for quiet title and cancellation of instruments. The HOA moved to dismiss, and the Court denied the motion, ruling: (1) although Barangan might be entitled to intervene if he were to so move under Rule 24, he was not a necessary party under Rule 19; (2) the affirmative defense of non-exhaustion under NRS 38.310 did not appear on the face of the Complaint; and (3) noncompliance with Chapter 116 and bad faith with respect to the Covenants, Conditions,

---

[1] The fourth claim for injunctive relief is not a separate cause of action but a prayer for relief, and no motion for preliminary injunctive relief is pending.

and Restrictions ("CC&R") had been sufficiently alleged. The HOA moved for defensive summary judgment. The Court denied the motion. US Bank has now moved for offensive summary judgment against the HOA and KK.

**II.     SUMMARY JUDGMENT STANDARDS**

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court needn't consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398

U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the nonmoving party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the nonmoving party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*
///

### III. ANALYSIS

The Court grants offensive summary judgment to US Bank based on the Court of Appeals' intervening decision holding that Chapter 116's opt-in notice scheme is facially unconstitutional under the Due Process Clause of the Fourteenth Amendment. *See Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1160 (9th Cir. 2016). The Court of Appeals has denied a motion to rehear the case *en banc*. Defendants provide no evidence of actual notice in this case. KK's counterclaims for quiet title and cancellation of US Bank's deed of trust necessarily fail given US Bank's victory on its quiet title claim. Unless US Bank wishes to further pursue its claims under NRS 116.1113 or the common law of wrongful foreclosure for the purposes of obtaining damages, there appears to be nothing left to determine in this case.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 48) is GRANTED. Within fourteen (14) days, Plaintiff shall submit either a proposed form of judgment or a notice of its intent to prosecute the remaining claims under NRS 116.1113 and/or the common law of wrongful foreclosure.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge