UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, N.A., <br><br>　　　　Plaintiff, <br><br>vs. <br><br>KK REAL ESTATE INVESTMENT FUND, LLC, <br><br>　　　　Defendant. | Case No. 2:15-CV-01463-RCJ-DJA <br><br>**ORDER** |

During calendar call held on November 19, 2019, this Court ordered the parties to submit trial briefs as to whether there remained any material facts to be determined at trial. (ECF No. 106.) The parties consented to the Court construing their briefs as dueling motions for summary judgment if it found there were no remaining disputed material facts. The Court so finds. The Court further finds that the notice requirements of NRS 116.31168 where not satisfied by Defendant and therefore grants summary judgment in favor of Plaintiff.

**FACTUAL BACKGROUND**

In 2005, Jayson Barangan gave Countrywide Home Loans, Inc. ("Countrywide") a promissory note for $228,800 to purchase the real property at issue, secured by a deed of trust against the property. (ECF No. 1 at ¶¶ 7, 12.) The original deed contained Countrywide as the

lender and MERS as the deed of trust beneficiary. (ECF No. 108 Ex. 1 at 3.) In June 2012, the deed was assigned to Plaintiff U.S. Bank, National Association. (*Id.* at ¶ 13.) Barangan has defaulted with over $228,580.16 due on the note, and Plaintiff intends to foreclose the deed against the property. (*Id.* at ¶¶ 14–16.)

Former Defendant Countryside Homeowners' Association ("the HOA") has completed its own foreclosure sale, however. (*See id.* at ¶¶ 2, 17–27.) The HOA caused its agent Nevada Association Services ("NAS"), to record a notice of delinquent assessment lien in 2010 indicating that $738 was due, which amount included late fees, collection fees, and interest totaling $554. (*Id.* at ¶ 17.) The HOA later caused NAS to record a notice of default and election to sell, indicating that $1,773 was due, without specifying what amount was due for assessment fees versus interest, collection costs, etc., and without specifying the superpriority amount of the HOA's lien. (*Id.* at ¶ 18.) The HOA later caused NAS to record a notice of sale, scheduling a sale for June 2011, and indicating that $3,116.42 was due, again without specifying what amount was due for assessment fees versus interest, collection costs, etc., and without specifying the superpriority amount of the HOA's lien. (*Id.* at ¶ 19.) Both the notice of sale and the notice of default were returned as undeliverable. (ECF No. 109 Exs. 7, 8.) In November 2010, after the notices of default and sale had been issued, Barangan filed a chapter 7 bankruptcy petition. The bankruptcy court granted Barangan a discharge in February 2011 and finally closed the case in February 2012. In January 2012, the HOA sold the property to itself for $5,259.27, less than 3% of the outstanding principal balance on the note and less than 5% of the appraised fair-market value. (*Id.* at ¶¶ 25–26.) Defendant KK Real Estate Investment Fund, LLC obtained the property from the HOA via quitclaim deed in May 2013. (*Id.* at ¶¶ 3, 27.)

Plaintiff sued the HOA and Defendant in this Court for: (1) quiet title based on, *inter alia*, violations of due process and commercial unreasonableness; (2) violation of Nevada Revised

Statutes ("NRS") 116.31168; and (3) common law wrongful foreclosure, asking the Court in the alternative to set aside the sale or to declare that it did not extinguish the DOT. Defendant filed counterclaims for quiet title and cancellation of instruments. This Court granted summary judgment in favor of Plaintiff in accordance with *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1160 (9th Cir. 2016). (ECF No. 57.) However, following *Bourne Valley*'s overturn, the Ninth Circuit remanded the case without analysis. (ECF No. 74.) During the calendar call held on November 19, 2019, this Court ordered the parties to submit trial briefs as to whether there remained material questions of fact requiring a trial. The parties agreed to have the briefs construed as motions for summary judgment if this Court determined that no material facts remained.

## LEGAL STANDARD

A court should grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only facts that affect the outcome are material. *Id.*

To determine where summary judgment is appropriate, a court uses a burden-shifting analysis. On the one hand, if the party seeking summary judgment would bear the burden of proof at trial, that burden may be satisfied by presenting evidence that proves every element of the claim such that no reasonable juror could find otherwise assuming the evidence went uncontroverted. *Id.* at 252. On the other hand, when the party seeking summary judgment would not bear the burden of proof at trial, it need only demonstrate that the other party failed to establish an essential element of the claim or present evidence that negates such an element. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (Brennan J., concurring). A court should deny summary judgment if either

the moving party fails to meet its initial burden or, if after it meets that burden, the other party establishes a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

## ANALYSIS

After review of the parties' submissions, this Court finds that there are no remaining disputed material facts, therefore summary judgment is appropriate. Plaintiff presents four alternative arguments for summary judgment: (1) service of the HOA's intent to hold a foreclosure sale was improper under NRS 116.31168, (2) the HOA sale violated Plaintiff's due process rights, (3) equitable considerations warrant setting aside the HOA foreclosure sale, and (4) a then-existing bankruptcy stay voided the HOA foreclosure sale. Because the Court finds that service did not comply with statutory requirements, it does not address the remaining three arguments.

Plaintiff argues that the HOA failed to comply with the notice requirements of NRS 116.31168 in only sending statutory notices to the Countrywide address. Defendant admits that the HOA did not send notices to MERS but argues the statute does not require such notice. While there is no duty to seek out interested parties not named on the deed of trust, "NRS 116.31168 incorporates NRS 107.090, which requires that notices be sent to a deed of trust beneficiary." *Nationstar Mort., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017) ("*Shadow Canyon*") (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 418 (Nev. 2014) ("*SFR 1*")). Furthermore, NRS 107.090, and therefore NRS 116.31168, require notice to be sent to "*[e]ach* other person with an interest whose interest or claimed interest is subordinate to the deed of trust." (emphasis added). *See Bank of America, N.A. v. Arlington West Twilight Homeowners Association*, 920 F.3d 620, 624 (9th Cir. 2019) ("[A]n HOA must give notice to *all* junior interest holders regardless of any request.") (emphasis added) (citing *SFR 1*, 422 P.3d at 487). Consequently, the HOA was required to send notice to each entity identified in

the county recorder as a person with an interest in the property, including the deed of trust beneficiary MERS. They did not do so. Thus, the HOA foreclosure sale did not comply with the statutory requirements.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 108) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 109) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Supplement Trial Brief (ECF No. 115) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff shall SUBMIT a proposed judgment within fourteen days of this Order.

IT IS SO ORDERED.

Dated:  April 22, 2020.

_____
ROBERT C. JONES
United States District Judge